WILLIAM R. TAMAYO, #084965
JONATHAN T. PECK, #12303 (VA)
LINDA ORDONIO DIXON #172830
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657
Email: Linda.Ordonio-Dixon@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br> v. <br><br> PACE SOLANO, <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT- CIVIL RIGHTS EMPLOYMENT DISCRIMINATION <br><br> JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et. seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Katrina Holly who was adversely affected by such practices. The Commission alleges that Ms. Holly was denied hire based on her disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section

COMPLAINT

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the State of California, County of Solano, and City of Vallejo which are within the jurisdiction of this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Pace Solano has continuously been a California Corporation, doing business in the State of California, in the County of Solano, and City of Vallejo and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Pace Solano has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

6. At all relevant times, Defendant Pace Solano has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party Katrina Holly filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least July of 2009, Defendant has engaged in unlawful employment practices at its Vallejo, California facility in violation of Section 102(a) and (b)(1), (b)(2) and (b)(3) of the ADA, 42 U.S.C. §12112(a), (b)(1), (b)(2) and (b)(3).

COMPLAINT                                    2.

10. Charging Party Katrina Holly has a physical impairment, paralysis in her left hand and reduced range of motion in her left arm, which substantially limits her in the major life activity of performing manual tasks.

11. On or about June 19, 2009, Katrina Holly applied and interviewed for an Instructor position with Defendant and was immediately offered the job. On July 19, 2009, she was examined by Defendant's occupational health provider and successfully passed a series of physical tests developed by Pace Solano to assess a candidate's ability to meet all of the physical requirements for the instructor position. On or about July 23, 2009, Defendant's Human Resources Director withdrew the job offer due to Ms. Holly's disability, despite the fact that Ms. Holly was able to perform the essential functions of the instructor position without accommodation.

12. The effect of the practices complained of in paragraph 10 to 11 above has been to deprive Ms. Holly of equal employment opportunities and to otherwise adversely affect her status as an employee because of her disability.

13. The unlawful employment practices complained of in paragraph 10-11 above were and are intentional.

14. The unlawful employment practices complained of in paragraph 10-11 above were and are done with malice and/or reckless indifference to the federally protected rights of Ms. Holly.

//
//
//
//
//
//
//
//
//
//

COMPLAINT                                                3.

**PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Ms. Holly by providing appropriate lost income with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to make whole Ms. Holly by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, with interest, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Ms. Holly by providing compensation for past and future non-pecuniary losses resulting from the above unlawful employment practices, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Ms. Holly punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs in this action.

//
//
//
//

COMPLAINT                                             4.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N. W.
Washington, D.C. 20507

Dated: July 11, 2012

By: _____
WILLIAM R. TAMAYO
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

By: _____
JONATHAN S. PECK
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

By: _____
LINDA S. ORDONIO DIXON
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

COMPLAINT                                              5.