UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  CV 12-01823 MCE-DAD |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| PACE SOLANO, | |
| Defendant. | |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under the Americans with Disabilities Act, as amended, (ADA) and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide appropriate relief to Charging Party Katrina Holly, who was allegedly adversely affected by such practices.  In particular, the EEOC alleged that Defendant violated the ADA by refusing to hire Ms. Holly due to her disability.

Defendant, PACE SOLANO (PACE) answered the Complaint and denies liability on all claims alleged by the EEOC.

In the interest of resolving this matter the EEOC and PACE, (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.

1  This Consent Decree shall not constitute adjudication and/or a finding on the merits of the Lawsuit.  Nor shall it constitute an admission of fault or deficiency, or a concession of liability, as to either the EEOC or PACE.  This Consent Decree fully and finally resolves all claims raised by the EEOC which stem from EEOC Charge No. 846-2009-53309 (Katrina Holly v. Pace Solano aka the "Charge") and the EEOC Complaint in this Lawsuit, and constitutes a complete resolution of all claims of discrimination under the ADA and Title I of the Civil Rights Act of 1991 that were made or could have been made by the EEOC based on this charge.  This Consent Decree pertains only to claims derived from the facts involved in the Charge and does not, resolve any future charges or charges that may be pending with the EEOC other than the charge and Complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the EEOC and PACE with respect to the matters discussed herein.  No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**I.     GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit.  This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree is final and binding.  The Parties will each bear their own costs and attorney's fees in this action.

//
//
//

## II.  GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

Defendant, including its successors and assigns at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from engaging in any of the following conduct: (a) unlawfully discriminating against any person due to his or her disability; or (b) retaliating against any person because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## III.  SPECIFIC INJUNCTIVE RELIEF

### A.  Human Resources Practices

Defendant shall continue to implement policies and practices that assure a work environment free from disability discrimination for its employees and that allow employees and applicants to make requests for accommodations or to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADA. To meet this requirement, Defendant shall take the following actions:

#### (1)  Training

No later than March 31, 2014, Defendant shall conduct and require all employees with human resource supervisory responsibilities to attend disability discrimination prevention training. The training shall include the following topics: (1) what constitutes disability discrimination; (2) how to prevent disability discrimination; (3) how to respond to a request for reasonable accommodation; (4) to whom employees may direct a request for reasonable accommodation or a complaint of disability discrimination; and, (5) a review/explanation of Defendant's policies proscribing disability discrimination. Human resources personnel shall also be advised that they will be evaluated on enforcement of Defendant's anti-discrimination policies. The training shall last no less than two hours, and shall be conducted by an individual with expertise in the area of employment law. The content, method of training, instructor and size of training classes is subject to approval by the Commission which approval shall not be unreasonably withheld and which shall

take into consideration Defendant's operational needs.  Defendant agrees to provide the name and qualifications of the proposed instructor as well as a description the training program to counsel for the EEOC no later than thirty (30) days before the training programs are scheduled to be held.

New supervisory employees hired after March 31, 2014, will be provided all of the training materials and will receive a review of the training subject matter by a manager who has received the training, or otherwise repeat the training provided initially, to take place within three (3) months of hiring.

Commencing in the year 2015 throughout the duration of this Consent Decree, Defendant shall provide human resource supervisory personnel with yearly refresher training on the subject matter described above.  This training shall be conducted pursuant to the parameters of the 2014 training but may be shortened to one hour.  Each training must be completed no later than December 31st of that calendar year. All persons attending training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training.  Defendant shall retain the originals of these acknowledgments.  The EEOC may inspect these documents with ten (10) days notice to Defendant.

**(2)   Written Policies**

Within ninety (90) days of the entry of this Decree, Defendant shall develop written policies concerning disability discrimination and the process to evaluate a request for reasonable accommodation.  The written policies must include at a minimum:

    a.   Clear and complete definitions of disability discrimination, with special attention to the issue of reasonable accommodation.

    b.   A statement that discrimination on the basis of disability, including failure to reasonably accommodate a qualified disabled employee is illegal, prohibited, and will not be tolerated.

    c.   A clear and strong encouragement of persons who believe they have been discriminated against on the basis of disability, to come forward.

    d.   The identification of specific individuals within the Company, with their telephone numbers, to whom employees can request reasonable accommodation or to report disability discrimination, in addition to contact information for the California Department of Fair

Employment and Housing and the United States Equal Employment Opportunity Commission.

e. A process to appropriately address requests for reasonable accommodation including review of medical restrictions, essential work functions and feasibility of modifications.

f. An assurance that Defendant will promptly, fairly, reasonably and effectively, engage in the interactive process in response to an employee's request for reasonable accommodation.

g. A description of the consequences, up to and including termination, which may be imposed upon violators of the policies proscribing disability discrimination.

h. An assurance of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination based on disability.

i. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination because of their disability.

j. These policies shall be distributed to all employees within one hundred twenty (120) days of the entry of this Decree.  These policies also shall be distributed to new employees when hired.  These policies also shall be posted in a prominent place at each of Defendant's locations.

k. A statement (by way of a cover letter) from the highest-ranking manager affirming: (1) the importance of maintaining an environment free of discrimination; and (2) a warning that managers and supervisors will be disciplined if they fail to comply with policies prohibiting disability discrimination.

Upon their completion, a copy of the policies revised/created in accordance with the requirements of this Decree shall be provided to the EEOC.  In addition, each employee of PACE shall be provided a copy of the policy.  The policy may be disseminated electronically at Defendant's discretion.

//

//

**(3)     HR Personnel Accountability**

Defendant shall inform all human resources personnel that they are expected to appropriately address requests for accommodation and to enforce Defendant's policies to prevent and remedy disability discrimination, and that failure to do so may result in discipline.

**(4)     Notices to Employees**

Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at the Pace Solano facility, located at 426 Alabama Street, Vallejo, CA 94590, the notice attached as Exhibit A.  The notice shall be the same type, style, and size as Exhibit A

**(5)     Reporting by Defendant and Access by the EEOC**

Defendant shall provide the following information in writing, confirmed by affidavit or declaration by a PACE manager or official, to the EEOC's San Francisco District Office beginning six (6) months from the date of the entry of this Decree and thereafter every year on the anniversary of the first report, for the duration of the Decree:

a.     The name, address and phone number of every post-offer applicant who is rejected from hire based on the results of their pre-employment medical exam.  For each rejected candidate, Defendant shall provide a brief explanation of the reason for the rejection.

b.     The registry of persons attending any training sessions required by this Decree and a confirmation that the required training was held during the reporting period.

c.     A confirmation that (i) the Notice required by this Decree continues to be posted in accordance to this Decree and that the policies required by this Decree were distributed to each newly hired employee during the reporting period.

d.     An acknowledgement that the EEOC, upon reasonable notice and agreement, shall have the right, up to two times a year, to enter any of PACE's locations and inspect records related to compliance with this Decree, and may inspect bulletin boards where notices to employees are posted.  The sole purpose of any entry and inspection is to ensure compliance with this Decree.

e.     A Procedures and Remedies for Non-Compliance

In the event that the Commission believes that Defendant has failed to comply with

any provision(s) of this Consent Decree, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to the counsel and the corporate officer who signed this Decree on Defendant's behalf, or to his or her successor, and afford Defendant thirty (30) days after service of the notice to remedy the non-compliance.

If Defendant has not remedied the alleged non-compliance in thirty (30) days after service of notice, the EEOC may petition this Court to enforce the terms of the Decree at any time during its duration.

In the event the Court finds that Defendant has violated this Decree, the Court may order reasonable relief to remedy the non-compliance, including attorneys' fees and costs, daily fines, appropriate injunctive relief, and extension of this Consent Decree for such period as may be necessary to remedy its non-compliance.

**B.   RESOLUTION PAYMENT**

Defendant or its insurer shall pay the total sum of One Hundred Thirty Thousand Dollars ($130,000) to Katrina Holly for the claims asserted by the EEOC on her behalf in this lawsuit.

a.   Defendant shall report the Resolution Payment by issuance of IRS Form 1099.

b.   Defendant shall make payment as follows:

Within thirty (30) days of the entry of this Consent Decree, Defendant shall deliver such payment in the form of a business check, cashier's check, or certified check made payable to "Katrina Holly" to the EEOC care of Linda Ordonio-Dixon, 350 The Embarcadero, Suite 500, San Francisco, CA  94105.  Payment is contingent upon the timely provision to Defendant by Katrina Holly of an executed form W9.

**IV.   RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

a.   This Consent Decree shall terminate five years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by Defendant.  If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written

notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

        b.    Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has materially failed to comply with any of the terms of this Decree. The Consent Decree will therefore automatically expire without further court order.

IT IS SO ORDERED.

Dated: October 2, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT